THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, LESSEE OF THE MORRIS AND ESSEX RAILROAD COMPANY, AND THE MORRIS AND ESSEX RAILROAD COMPANY, PROSECUTOR, v. THE CITY OF ORANGE ET AL., DEFENDANTS.

Argued January term, 1928—Decided August 7, 1928.

Before Justices Parker, Minturn and Campbell.

For the prosecutor, *Frederic B. Scott.*

For the defendants, *William A. Calhoun.*

Per Curiam.

This writ reviews certain assessments levied for street improvements, in the city of Orange. Four of the assessments were levied against the Morris and Essex Railroad Company one against the Delaware, Lackawanna and Western Railroad Company, and one, by mistake, against the Hudson Realty Company. It is conceded that the latter assessment should have been against the Morris and Essex Railroad Company.

In 1916 the city of Orange entered into a contract with the Delaware, Lackawanna and Western Railroad Company, described therein as lessee of the Morris and Essex Railroad Company, for the elevation of its railroad tracks throughout the city. It was necessary, as part of this work, to change the grade of a number of streets in order to provide for proper clearances under bridges to be erected by the railroad company; the contract also contained the following provision:

"The city shall, in connection with and as a part of this improvement, and without expense to the railroad company by assessment or otherwise, do all work of street paving, repaving, curbing, guttering, laying and relaying of sidewalks and crosswalks, constructing, moving or reconstructing municipal sewers and drains, catch basins, municipal pipes, lamps, electric light lines, poles, conduits and other municipal structures in, across and along the streets and public places affected by the work under this contract excepting, &c., &c."

The track elevation was completed by the railroad company under the contract about January 1st, 1919, at which time

Scotland road was an unimproved dirt road. In September, 1920, steps were taken by the city for the paving and curbing of Scotland road. The assessments in question were confirmed by the board of commissioners of the city on August 10th, 1926. On September 13th, 1926, the prosecutors appealed from all the assessments levied to the Essex Common Pleas, which appeal has not been discontinued, and on November 12th, 1927, this writ of *certiorari* was allowed.

Prosecutors claim exemption from the assessments by reason of the provision of the contract herein referred to. But it is manifest that this provision of the contract, properly construed, merely exempts the railroad company from liability for damage to city property or improvements existing at the time of the execution of the contract along, across or in streets and public places affected by the elevation work, and does not include subsequent improvements, not necessitated by reason of the track elevation.

The defendant raises the question (1) of laches, (2) of the election by the prosecutor of a remedy in the appeal to the Common Pleas, and (3) questions the right of the Morris and Essex Railroad Company to the benefit of the contract.

Our examination of the contract, which presents the basis for the claim of the prosecutor is, as already stated, that it bears no relation to and was not intended to apply to the improvement in question.

The writ will therefore be dismissed, with costs.